UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MONA FAYE C.,<br><br>     Petitioner,<br><br>v.<br><br>KILOLO KIJAKAZI, ACTING COMMISSIONER OF SOCIAL SECURITY,<br><br>     Respondent. | Case No. 1:21-cv-00140-DCN-REP<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

On December 4, 2018, Petitioner, Mona C., protectively filed a Title II application for a period of disability and disability insurance benefits. Petitioner also filed a Title XVI application for supplemental security income on July 30, 2019. In both applications, Petitioner alleged disability beginning December 4, 2016.[1] Both applications were denied on January 17, 2019, and again on reconsideration on March 14, 2019. On or around April 10, 2019, Petitioner filed a Request for Hearing before an Administrative Law Judge ("ALJ"). On March 5, 2020, an ALJ held a hearing in Boise, Idaho, at which time Petitioner appeared and testified.

---

[1] Petitioner alleged disabilities including attention deficit hyperactivity disorder, anxiety, panic attacks, shoulder pain, degenerative disc disease, sciatica, nerve root compression, bulging discs, and high cholesterol. Dkt. 18, at 1. The Administrative Law Judge found Petitioner had the following severe medically determinable impairments: "degenerative disc disease, status post left arm fracture, and bilateral foot neuropathic pain." Dkt. 21, at 4.

MEMORANDUM DECISION AND ORDER - 1

On April 3, 2020, the ALJ issued a decision denying Petitioner's claims, finding that she was not disabled within the meaning of the Social Security Act. Petitioner timely requested review from the Appeals Council. On January 26, 2021, the Appeals Council denied Petitioner's Request for Review, making the ALJ's decision the final decision of the Commissioner of Social Security.

With her administrative remedies exhausted, Petitioner sought review of the ALJ's decision with the Idaho Federal District Court. On August 22, 2022, United States Magistrate Judge Raymond E. Patricco issued a Report and Recommendation (the "Report") in this matter recommending that: (1) the decision of the Commissioner be affirmed; (2) the Petition for Review be denied; and (3) this action be dismissed in its entirety, with prejudice. Dkt. 21, at 17. Pursuant to statute, Judge Patricco gave the parties fourteen days to file written objections to the Report. *Id.*; *see* 28 U.S.C. § 636(b)(1). Petitioner filed an Objection (Dkt. 22), and the Commissioner filed a Response to the Objection (Dkt. 23). The matter is now ripe for the Court's review.

For the reasons stated below, the Court accepts and adopts the Report in its entirety.

## II. LEGAL STANDARD

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." Where, as here, the parties object to a report and recommendation, this Court "shall make a *de novo* determination of those portions of the report to which objection is made." *Id.*

For the Court to uphold the ALJ's decision, it must be both supported by substantial evidence and based on proper legal standards. 42 U.S.C. § 405(g); *Trevizo v. Berryhill*, 871

F.3d 664, 674 (9th Cir. 2017). Findings as to any question of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. § 405(g). In other words, if there is substantial evidence to support the ALJ's factual decisions, they must be upheld, even when there is conflicting evidence. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014).

"Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation omitted); *Ludwig v. Astrue*, 681 F.3d 1047, 1051 (9th Cir. 2012). The standard requires more than a scintilla but less than a preponderance. *Trevizo*, 871 F.3d at 674. It "does not mean a large or considerable amount of evidence." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). With respect to questions of fact, the Court is to review the entire record to decide whether it contains evidence that would allow a person of a reasonable mind to accept the conclusions of the ALJ. *Richardson*, 402 U.S. at 401; *see also Ludwig*, 681 F.3d at 1051.

Put differently, the Court's role in this instant case is not to decide whether the ALJ was correct. The Court's sole role is to determine whether the ALJ's decision was reasonable and supported by substantial evidence. Only if the ALJ was unreasonable can the Court strike down the decision.

### III. DISCUSSION

In her Objection, Petitioner challenges the Report on two grounds: (1) Judge Patricco erred in finding that the ALJ sufficiently considered Petitioner's mental impairments; and (2) Judge Patricco erred in finding that the ALJ properly adopted a

MEMORANDUM DECISION AND ORDER - 3

residual functional capacity ("RFC") without considering additional opinions to make a proper determination with respect to Petitioner's limitations. Dkt. 22, at 1, 3.

1. Petitioner's Mental Impairments

Petitioner makes four arguments to support her contention that Judge Patricco erred when concluding that the ALJ sufficiently considered her mental impairments. First, Petitioner contends Judge Patricco relied on *post-hoc* rationalization to support the ALJ's decision. Dkt. 22, at 1–2. It is Petitioner's position that Judge Patricco relied on testimony given by Petitioner during the administrative process to come to his final decision. Petitioner notes that in contrast, the ALJ did not base her decision on that testimony. There is no doubt that reviewing courts "are constrained to review the reasons the ALJ asserts." *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003). Judge Patricco did so here. He noted several reasons for the ALJ's decision in refusing to grant Petitioner's disability request. Dkt. 21, at 9. As Judge Patricco observed, the ALJ based her decision on Petitioner's ability to perform daily activities. Even so, a reviewing court may look to "additional support for the Commissioner's and the ALJ's position." *Warre v. Comm'r, Soc. Sec. Admin.*, 439 F.3d 1001, 1005 n.3 (9th Cir. 2006). Such was the case here: the Petitioner's testimony was additional support to find that Petitioner's mental issues did not impact her ability to work. Dkt 21, at 10–11.

In cases where courts found that a Magistrate Judge relied on *post-hoc* rationalization, the disputed evidence was never before the ALJ. *See, e.g.*, *Jacobs v. Astrue*, 2008 WL 3925859, at *9 (W.D. Wash. Aug. 20, 2008). In this case, Petitioner's

MEMORANDUM DECISION AND ORDER - 4

testimony was in the record before the ALJ when she wrote her decision.[2] In fact, the testimony was given in front of the ALJ. Dkt. 12–2, at 47. As such, Judge Patricco did not rely on *post-hoc* rationalization.

Second, Petitioner claims that the ALJ, and in turn Judge Patricco, erred by failing to include her mental health limitations in the RFC. Dkt. 22, at 2. Petitioner notes that "[t]he ALJ's RFC does not acknowledge the existence of social impairment despite the existence of social impairment." *Id.* The Court does not agree with the Petitioner's assessment. The Petitioner's social impairments were not included in the RFC because Judge Patricco found there was substantial evidence to support the ALJ's finding that such impairments did not cause more than minimal limitations to Petitioner's ability to perform work activities. *See, e.g.*, *Medlock v. Colvin*, 2016 WL 6137399, at *5 (C.D. Cal. Oct. 20, 2016) ("Consideration of the limiting effects of all impairments does not necessarily require the inclusion of every impairment into the final RFC if the record indicates the non-severe impairment does not cause a significant limitation in the plaintiff's ability to work") (cleaned up). There is ample support in the record to support this finding. *See* Dkt. 21, at 8–13 (discussing at length Petitioner's mental impairments and why they do not constitute disabilities under the Social Security Act).

Third, Petitioner contends that her patient health questionnaire ("PHQ") scores support a more than minimal impairment. Dkt. 22, at 3. However, as Judge Patricco explained in the Report, PHQ scores do not specifically evaluate the functionally-limiting

---

[2] The ALJ even cited this testimony in her decision. AR 35.

MEMORANDUM DECISION AND ORDER - 5

effects of an impairment. *Id*. at 12. Further, "the PHQ-9 questionnaire reflects [the claimant's] reported self-assessment." *Lim v. Saul*, 2020 WL 2557000, at *8 (N.D. Cal. May 20, 2020). Because the ALJ discredited Petitioner's testimony about her subjective symptoms, and because Petitioner did not challenge the ALJ's credibility determination on appeal, Petitioner waived any objection based on her subjective symptoms. Dkt. 22, at 9, 12. Moreover, Judge Patricco correctly noted that Petitioner's limited PHQ scores were "trending down over time." *Id*. at 12. As such, Petitioner's PHQ scores were not sufficient to establish an impairment, let alone a severe impairment.

Fourth, and finally, Petitioner argues that the ALJ's citation to certain activities that Petitioner is able to perform (i.e., preparing meals, moving between residences, driving a car, attending medical appointments, etc.) do not resemble work related activities. The ALJ listed these activities as examples to show that Petitioner does have the ability to concentrate and focus. Petitioner's only disagreement is that these activities do not resemble work related activities. No mention is made as to why these activities do not resemble work related activities. At the very least, these activities show that Petitioner has the mental capabilities to perform daily tasks. Petitioner has made no showing as to why her ability to perform these tasks do not translate into her work life. Given this, the Court is in no position to substitute its judgment for that of the ALJ, particularly when the ALJ has provided reasonable and rational support. *See Key v. Heckler*, 754 F.2d 1545, 1549 (9th Cir. 1985). The Court, therefore, holds that there was substantial evidence in the record to support the ALJ's finding that Petitioner's mental impairments "do not cause more than minimal limitation in [her] ability to perform basic mental work activities and are therefore

non-severe." Dkt. 21, at 7 (citing AR 29–31).

### 2. RFC and Opinion Evidence

Petitioner next argues that the ALJ should have included more limitations in the RFC with respect to Petitioner's left upper extremity pain. While the ALJ did include certain limitations due to Petitioner's left upper extremity pain in the RFC, Petitioner contends that the ALJ did not find sufficient limitations. Petitioner suggests the ALJ "should have developed the record with an opinion" instead of making this finding on her own. The Court disagrees. As the Report highlighted, the ALJ had years of Petitioner's medical records and multiple opinions to work with. Dkt. 21, at 14–15. Such records were internally consistent, well-supported by a reasonable explanation and the available evidence, and consistent with Petitioner's daily activities. *Id*. at 14. As such, the ALJ properly considered medical opinion evidence.

## IV. CONCLUSION

In sum, Petitioner has not shown that the ALJ's opinion was unreasonable. The Court's role here is to *only* decide whether the ALJ's opinion was supported by substantial evidence and based on the applicable legal standards. The Court finds the ALJ provided legitimate reasons, supported by substantial evidence, for denying Petitioner's Social Security Benefits. Therefore, the Court AFFIRMS the Report, DENIES the Petition for Review (Dkt. 1), and DISMISSES this action in its entirety, with prejudice.

## V. ORDER

NOW, therefore, **IT IS HEREBY ORDERED**:

1. The Report and Recommendation (Dkt. 29) is **AFFIRMED** in its entirety;

2. The Court **DENIES** the Petition for Review (Dkt. 1), and **DISMISSES** Petitioner's claims, with prejudice.

DATED: November 2, 2022

_____
David C. Nye
Chief U.S. District Court Judge